AMBROSE DE MONTROSE, Respondent, v. SUSAN E. WANA-MAKER, Appellant.

*Court of Appeals, May 31, 1892.*

Reversing 57 Hun, 590, mem.

*Former adjudication. Bar.*—A prior judgment, in an action between the same parties for a breach of a contract, that the defendant had committed no breach, but that the plaintiff's assignor had failed to perform on his part, is a bar to a subsequent action for any breach of such contract before the commencement of the former action.

Appeal from an order of the general term of the supreme court, second department, denying a motion for a new trial, made under § 1001 of the Code of Civil Procedure, and affirming an interlocutory judgment which directed an accounting.

*Frank J. Dupignac*, for appellant.

*Levi A. Fuller*, for respondent.

FOLLETT, Ch. J.—From May, 1886, to December 1, 1886, the defendant and Edmund St. John were partners engaged in selling goods on commission at the city of New York, under the firm name of Wanamaker & Co. By the terms of the articles of partnership, the firm was to continue until January 1, 1890, but on the 1st day of December, 1886, it was dissolved by mutual consent, all of the assets being transferred to the defendant, who undertook to pay and discharge all of the liabilities of the partnership. The contract of dissolution contained the following provisions :

" And it is further agreed that for and during the month of December, 1886, the said Edmund A. St. John, in conjunc-

tion with the business he may pursue during that month, shall and will sell and dispose of, for and on account of Susan E. Wanamaker, any and all goods, wares and merchandise in which the said Susan E. Wanamaker may or shall then trade as consignee or otherwise; and will also sell and dispose of, for and on account of said Susan E. Wanamaker, the goods, wares and merchandise manufactured by the firms of George Merritt & Co. and Hagedorn & Newman, in conjunction with the said Susan E. Wanamaker, for and during the full term or terms of the respective contracts existing between the said Merritt & Co. and Hagedorn & Newman, with said Wanamaker & Co., for the sale or consignment of the goods of those two firms to Wanamaker & Co. aforesaid. In consideration whereof, the said Susan E. Wanamaker covenants and agrees to and with the said Edmund A. St. John to furnish the said Edmund A. St. John, free of charge, a space to be selected by her and occupied by him as an office during the month of December aforesaid, on the premises occupied by her during said month; and further agrees that all commissions realized from the sales be equally divided between the parties hereto, each party having to bear and pay his or her necessary expenses in and about said sales (provided the purchasers therefor shall be good and responsible parties), said commissions to be in lieu of wages; it being expressly agreed and understood that no partnership shall exist between the said parties in the sale of said or any other goods, and also that no compensation whatsoever shall be paid him for any sales made at any time to Tefft, Weller & Co. and H. McCrossan & Co., which said last mentioned sales shall inure to the sole benefit of the said Susan E. Wanamaker."

January 18, 1888, the plaintiff in this action, who is the assignee of St. John, brought an action against the defendant herein, alleging the foregoing facts and setting forth the contract of dissolution in full. It was also alleged in that complaint: "III. Said agreement has been violated by the defendant as follows: 1. Defendant has refused constantly

to allow said St. John to sell and dispose of, for and on account of said Susan E. Wanamaker, although often requested, the goods, wares and merchandise manufactured by the firms of George Merritt & Co. and Hagedorn & Newman, during the terms of the contract existing between said firms and Wanamaker & Co. for the sale and consignment of the goods of those firms to Wanamaker & Co."

" 2. Refused though requested to divide with said St. John, in lieu of wages, the commissions realized on the sale of goods of George Merritt & Co. and Hagedorn & Newman, although large commissions were realized." The plaintiff demanded a judgment for $2,000.

The defendant answered that St. John violated his agreement by refusing to sell the goods manufactured by George Merritt & Co., but disposed of such goods on his own account, in violation of the agreement, as sole agent for Merritt & Co. The defendant, also alleged that St John, during the month of December, 1886, refused to sell goods on account of the defendant, though requested so to do. This action was brought to trial at a circuit. The charge is made part of the evidence of this case by the agreement of counsel. In the charge the learned trial judge instructed the jury that " St. John says that Wanamaker, during the year 1887, sold a large amount of goods for Merritt & Co. and a considerable amount for Hagedorn & Newman, under these contracts mentioned in the agreement, and that he is entitled to his half of the commission called for in the agreement." * * * He also charged that " one-half of the commissions on these sales amounted to $1,429, and that the plaintiff was entitled to recover that sum on account of the commissions if he proved that the defendant sold an amount of goods producing those commissions and that St. John performed the contract on his part." The jury was further instructed that " the defense to this claim is two-fold : first, that St. John has not performed his agreement, that instead of using his best endeavors as he was bound to do to sell the goods of these two houses, he

was endeavoring to induce Merritt & Co. to take away this contract from Wanamaker and give it to him." * * * "If you are satisfied that he did it, I say to you that that would preclude his recovery." The learned judge then proceeded to consider the claim of the plaintiff, for services rendered by St. John in the month of December, 1886. After referring to the facts he instructed the jury: " You may come to three conclusions: *First*, That St. John did not acquiesce in the termination of the Merritt contract, that he has performed his part and is entitled, if that is true, to $1,429. *Second*, You may come to the conclusion that the contract was terminated, that he acquiesced in it; in which case he cannot recover anything. Or you can come to the conclusion that he has performed his contract so far as it relates to the month of December. In that case he would be entitled to recover half of the commissions of Hagedorn & Newman, $179. You may render a verdict for $179 and $1,429, or a verdict for the defendant.

The jury returned a verdict for $179. From the pleadings, the charge and the verdict it clearly appears that the jury must have found that St. John failed to perform his contract with the defendant in regard to sales made under Merritt & Co.'s contract and the contract of Hagedorn & Newman. The case at bar was begun in April, 1889. It sets forth the contract of dissolution and alleges that St. John duly performed all of the obligations resting upon him under said contract, and that the defendant has failed to perform said contract or to account for and divide with St. John the commissions earned from the sales of goods made by her and demands an accounting of the commissions arising from the sales. The defendant denies that St. John performed his part of the contract and avers that he entirely failed to do so. She also sets up that June 13, 1888, the plaintiff in this action recovered a judgment against the defendant for $281 damages and costs for an alleged violation by the defendant of the contract set out in the complaint, which

judgment was duly entered in the office of the clerk of the county of Kings and that the same has been paid. The judgment roll in the former action was introduced in evidence without objection, but the court held that it was not a bar to the present action. In the first action the plaintiff sought to recover commissions earned up to the date when it was begun, January 18, 1888. There is no allegation in the complaint in this action, nor is there any proof that these contracts under which St. John claims commission continued beyond the time when the first action was begun. At the general term it was held that the answer was bad because it did not set up that the two actions were identical. This fact was shown by the former judgment which was put in evidence by consent. It appears from this record that the contract sued on in this action was sued upon in the former one, and that in the former one the plaintiff sought to recover damages for a breach of it by the defendant. But it was held by the jury that the defendant had committed no breach, but that the plaintiff had and was not entitled to recover for any services rendered except those performed in the month of December. That judgment is a verity and conclusively establishes this fact, and the plaintiff has no right to relitigate the same question in this action.

The order should be reversed and the complaint dismissed, with costs.

All concur.